OPINION
{¶ 1} Defendant-appellant Christopher Fulton appeals from his sentence, following pleas of guilty, for Receiving Stolen Property and for Burglary. Fulton contends that the trial court did not make the findings required by statute for the imposition of non-minimum, consecutive sentences.
 {¶ 2} Based upon our review of the transcript of the sentencing hearing, we conclude that the trial court did make the requisite findings. Accordingly, Fulton's conviction and sentence is Affirmed.
 I {¶ 3} In 2002, Fulton pled guilty to Receiving Stolen Property, a felony of the fifth degree, and to Burglary, a felony of the third degree. The Burglary had originally been charged as a second degree felony, but was reduced to a third degree felony pursuant to plea negotiations. As part of the plea agreement, the State recommended to the trial court on the record that the sentences imposed for the two offenses run concurrently with one another. A pre-sentence investigation report was ordered and considered by the trial court.
 {¶ 4} At the initial sentencing hearing, in May, 2002, the trial court elected not to follow the recommendation of the State, and imposed a sentence of eleven months incarceration on the charge of Receiving Stolen Property, and three years on the charge of Burglary, to be served consecutively . Fulton appealed to this court from the sentence imposed, but we affirmed. Statev. Fulton (March 28, 2003), Clark App. No. 2002-CA-62.
 {¶ 5} Fulton then appealed his sentence to the Ohio Supreme Court, which accepted review, and reversed our judgment upon the authority of State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165. See, State v. Fulton, 99 Ohio St.3d 475, 2003-Ohio-4169. The Supreme Court held that the trial court had failed to make the requisite findings for imposing consecutive sentences, and failed to give its reasons supporting those findings, on the record at Fulton's sentencing hearing. The case was remanded to the trial court for re-sentencing.
 {¶ 6} On September 29, 2003, at a hearing for the purpose, the trial court again sentenced Fulton to eleven months on the Receiving Stolen Property conviction, and to three years on the Burglary conviction, to be served consecutively. From his sentence, Fulton appeals.
 II {¶ 7} Fulton's sole assignment of error is as follows:
 {¶ 8} "The trial court erred in failing to make the required statutory findings in the non-minimum, consecutive sentencing of appellant."
 {¶ 9} In order to impose consecutive sentences, a trial court is required by R.C. 2929.14(E)(4) to make certain findings:
 {¶ 10} "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 11} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 12} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harmed caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 13} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 14} In State v. Comer, supra, it was held that a trial court, when imposing consecutive sentences, is required to make the necessary statutory findings, and to give the reasons supporting those findings, at the sentencing hearing.
 {¶ 15} In his argument in support of his assignment of error, Fulton contends that:
 {¶ 16} "The sentencing court on remand failed to add proportionality of the consecutive sentences or the danger to the public as required by Comer. The record reflects no discussion about disproportion or the seriousness of the crime.
 {¶ 17} ". . .
 {¶ 18} "The sentencing court failed to find both factors present, state the supporting reasons on the record and make the finding orally on the record."
 {¶ 19} At the sentencing hearing of September 29, 2003, the trial judge made the following statements:
 {¶ 20} "The Court previously found and continues to find that in both cases the offender's criminal history shows that consecutive terms are needed to protect the public; and as to case — CR-79, this offense, this burglary offense was committed while the Defendant was awaiting trial in case -CR-24.
 {¶ 21} ". . .
 {¶ 22} "The Court finds that these sentences should be consecutive, this being necessary to protect the community from future offenses by this Defendant and others who have a similar inclination, to punish the offense or the offenses; and the Court further finds that such sentences are not disproportionate to sentences which have been handed down in similar cases under similar circumstances."
 {¶ 23} We agree with the State that although the findings and reasons articulated by the trial court for imposing consecutive sentences are not in the precise words of the statute, they are sufficient. The trial court found that consecutive sentences were necessary to protect the community from future offenses, and that consecutive sentences were also necessary to punish Fulton. The trial court found that one of the offenses, the Burglary offense, was committed while Fulton was awaiting trial, thereby satisfying the requirements of R.C. 2929.14(E)(4)(a).
 {¶ 24} Finally, the trial court found that the consecutive sentences are not disproportionate to sentences "which have been handed down in similar cases under similar circumstances." It might be argued that this finding is distinct from the finding, required by the statute, "that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." However, we are satisfied that the underlying purpose of the statutory requirement that consecutive sentences not be "disproportionate" is to ameliorate the problem perceived to exist at the time of the enactment of the statute of offenders committing similar offenses, under similar circumstances, but receiving greatly disparate sentences. The trial court addressed this concern when it found that the consecutive sentences it was imposing in this case are not disproportionate to sentences handed down in similar cases under similar circumstances. While the trial court might have been better advised to have used the exact words of the statute, we conclude that the essential purpose of the statutory requirement has been satisfied. Fulton's sole assignment of error is overruled.
 III {¶ 25} Fulton's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.
Wolff and Young, JJ., concur.